TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






ON REMAND








NO. 03-97-00769-CR






Billy Doyle Medford, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 274TH JUDICIAL DISTRICT


NO. 97-174, HONORABLE THOMAS KENYON, JUDGE PRESIDING







On original submission, we affirmed appellant Billy Doyle Medford's conviction
for possession of cocaine, but reversed his conviction for escape and rendered a judgment of
acquittal. See Medford v. State, 990 S.W.2d 799, 806-11 (Tex. App.--Austin 1999). The State
petitioned for discretionary review, challenging our conclusion that the evidence did not support
the escape conviction. (1) The court of criminal appeals vacated our judgment and remanded the
cause for further proceedings consistent with its opinion. See Medford v. State, 13 S.W.3d 769,
774 (Tex. Crim. App. 2000). We will again reverse the escape conviction and render judgment
of acquittal.

At issue is the meaning of "custody" in the context of a prosecution for escape. 
See Tex. Penal Code Ann. § 38.01(1)(A) (West Supp. 2000) ("'Custody' means . . . under arrest
by a peace officer"); see also id. §§ 38.01(2) ("'Escape' means unauthorized departure from
custody"), 38.06(a)(1) ("A person commits an offense if he escapes from custody" under certain
circumstances). On original submission, we criticized recent opinions equating "custody" with
"seizure" under the Fourth Amendment, held that a person is not "in custody" for the purpose
of a prosecution for escape merely because a reasonable person would not feel free to leave, and
reaffirmed our view that "custody" in this context "implies a degree of physical limitation,
restraint, or control." See Medford, 990 S.W.2d at 807-08 (citing Lawhorn v. State, 843 S.W.2d
268, 270 (Tex. App.--Austin 1992), aff'd, 898 S.W.2d 886 (Tex. Crim. App. 1995)).

The court of criminal appeals did not disapprove any part of our opinion. To the
contrary, the court wrote that


"[a]n arrest of a person carries with it an element of detention, custody or control
of the accused. The mere fact that an officer makes the statement to an accused
that he is under arrest does not complete that arrest. There must be custody or
detention and submission to such arrest." 



Medford, 13 S.W.3d at 772-73 (quoting Smith v. State, 219 S.W.2d 454, 456 (Tex. Crim. App.
1949)). An arrest must be complete in order to distinguish the offense of escape from the offense
of evading arrest. See id. at 773.


For purposes of the escape statute, an "arrest" is complete when a person's liberty
of movement is successfully restricted or restrained, whether this is achieved by
an officer's physical force or the suspect's submission to the officer's authority. 
Furthermore, an arrest is complete only if "a reasonable person in the suspect's
position would have understood the situation to constitute a restraint on freedom
of movement of the degree which the law associates with formal arrest." . . . It
is necessary . . . to focus the fact finder's application of the reasonable person
standard into the context of an arrest to prevent a conviction based upon some less
intrusive type of seizure, e.g., a Terry [v. Ohio, 392 U.S. 1 (1968)] stop.



Medford, 13 S.W.3d at 773 (quoting United States v. Corral-Franco, 848 F.2d 536, 540 (5th Cir.
1988)). We understand our task on remand to be to apply these principles to the facts before us.

The facts were detailed in the previous opinions and need not be fully stated here. 
A Lockhart police officer, believing that Medford matched the description of a person for whom
an arrest warrant had been issued, approached Medford and asked him to identify himself. It was
after dark in a relatively dangerous part of town, so the officer frisked Medford for weapons. He
felt several objects in Medford's pocket and received his consent to remove them. The officer
found a matchbox containing crack cocaine. The officer told Medford he was under arrest and
instructed him to place his hands behind his back. The officer "touched Medford's left arm with
his left hand and was about to handcuff him when Medford lunged free and began running south." 
See Medford, 990 S.W.2d at 802.

Medford submitted to the officer's questioning and frisk, but he did not submit to
the arrest. Moreover, a reasonable person familiar with the distinction between an arrest and a
temporary investigative detention would not have understood himself to be restrained to the degree 
the law associates with a formal arrest. See Rhodes v. State, 945 S.W.2d 115, 118 (Tex. Crim.
App. 1997) (distinction between arrest and detention); Woods v. State, 970 S.W.2d 770, 775
(Tex. App.--Austin 1998, pet. ref'd) (same). The officer's stop-and-frisk of Medford
unquestionably constituted a detention, but a seizure short of a completed arrest will not support
a conviction for escape. See Medford, 13 S.W.3d at 773. The officer's announcement, after he
found the cocaine, that Medford was under arrest did not in itself complete the arrest. See
Medford, 13 S.W.3d at 772. The officer was unable to complete the arrest by successfully
restricting or restraining Medford's liberty of movement before Medford fled.

Having applied the principles articulated by the court of criminal appeals, we
reaffirm our holding that the evidence viewed in the light most favorable to the prosecution does
not show that Medford was in custody at the time he fled. The evidence is legally insufficient to
sustain Medford's conviction for escape.

We also reaffirm our holding that the district court's charge improperly defined
"custody." See Medford, 990 S.W.2d at 811-12. The court instructed the jury over Medford's
objection that "a person is under arrest or in custody, for the purpose of the statutory offense of
Escape, if a reasonable person in the position of the arrestee would have believed that he was not
free to leave." See id. at 811. We previously held, and the court of criminal appeals has now
confirmed, that a reasonable person's belief that he is not free to leave is not enough to constitute
"arrest" or "custody" under the escape statutes. For the reasons stated in our original opinion,
the charge error was not harmless. See id. at 812. Should the court of criminal appeals determine
that our disposition of the legal sufficiency point is erroneous, we would reverse and remand this
cause for a new trial on the basis of the erroneous jury instruction.

For the reasons stated in our original opinion, we affirm the district court's
judgment insofar as it convicts Medford of possessing cocaine. See Medford, 990 S.W.2d at 803-06. We reverse the judgment insofar as it convicts Medford for escape and render judgment of
acquittal on that charge.



 
 

 Bea Ann Smith, Justice

Before Justices Jones, Smith and Yeakel

Affirmed in Part; Reversed and Rendered in Part

Filed: June 15, 2000

Publish

1. Medford did not seek a review of our affirmance of his cocaine possession conviction.


ent is successfully restricted or restrained, whether this is achieved by
an officer's physical force or the suspect's submission to the officer's authority. 
Furthermore, an arrest is complete only if "a reasonable person in the suspect's
position would have understood the situation to constitute a restraint on freedom
of movement of the degree which the law associates with formal arrest." . . . It
is necessary . . . to focus the fact finder's application of the reasonable person
standard into the context of an arrest to prevent a conviction based upon some less
intrusive type of seizure, e.g., a Terry [v. Ohio, 392 U.S. 1 (1968)] stop.



Medford, 13 S.W.3d at 773 (quoting United States v. Corral-Franco, 848 F.2d 536, 540 (5th Cir.
1988)). We understa