# 0   TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

**NO. 03-05-00517-CR**

---

**Jerry Ramirez, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
NO. D-1-DC-2005-200538, HONORABLE FRED A. MOORE, JUDGE PRESIDING**

---

**M E M O R A N D U M   O P I N I O N**

A jury found appellant Jerry Ramirez guilty of felony escape and assessed punishment at six years' imprisonment. *See* Tex. Penal Code Ann. § 38.06(a)(1), (c)(1) (West 2003). In his only point of error, appellant urges that the evidence is legally insufficient to sustain the guilty verdict. We will overrule this contention and affirm the conviction.

When there is a challenge to the sufficiency of the evidence to sustain a criminal conviction, the question presented is whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (legal sufficiency); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (legal sufficiency); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000) (factual sufficiency). In a legal sufficiency review, all the evidence is reviewed in the light most favorable

to the verdict; it is assumed that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Griffin*, 614 S.W.2d at 159 (citing *Jackson*, 443 U.S. at 318-19).

The evidence in this case shows that at about 6:30 p.m. on January 31, 2005, Austin police officers Carlos Dominguez and Terri Wilson were standing in the parking lot of a neighborhood grocery store speaking to a young man about his dog when they saw appellant run from the store pursued by the clerk shouting for him to stop. Appellant was carrying several bags of potato chips, which he threw down when he saw the officers standing outside the store. Dominguez ordered appellant to stop and identify himself. Wilson handcuffed appellant, who appeared to be intoxicated. While Dominguez continued to question appellant, Wilson returned to their patrol car and ran a warrant check. After learning that there was an outstanding warrant for appellant's arrest for aggravated assault, the officers told appellant that he was under arrest. Dominguez then went inside the store to ask the clerk if he wished to press charges for the theft. Meanwhile, appellant began to run with his hands still cuffed behind him. After a brief chase, appellant was subdued and placed in the patrol car.

A person commits the offense of escape if he escapes from custody when he is under arrest for an offense. Tex. Penal Code Ann. § 38.06(a)(1). "Escape" means an "unauthorized departure from custody," and "custody" means "under arrest by a peace officer or under restraint by a public servant pursuant to an order of a court." *Id*. § 38.01(1)(A), (2) (West 2003). Appellant contends that the evidence fails to show that he was in custody or under arrest when he fled from the officers.

2

For the purposes of the escape statute, an arrest is complete when (1) a person's liberty of movement is successfully restricted or restrained, whether this is achieved by an officer's physical force or the suspect's submission to the officer's authority, and (2) a reasonable person in the suspect's position would have understood the situation to constitute a restraint on freedom of movement of the degree the law associates with formal arrest. *Medford v. State*, 13 S.W.3d 769, 773 (Tex. Crim. App. 2000). It is not sufficient that an officer has told the suspect that he is under arrest; there must be custody or detention and submission to the arrest. *Id*. at 772-73.

In *Medford*, the defendant had been stopped, frisked, and told he was under arrest when he ran from the officer. *Medford v. State*, 21 S.W.3d 668, 669-70 (Tex. App.—Austin 2000, no pet.) (opinion on remand). This Court concluded that this detention did not constitute a completed arrest for the purpose of a prosecution for escape because the officer was unable to successfully restrain the defendant before he fled. *Id*. at 670. In the instant case, appellant was initially stopped and handcuffed based on the officers' suspicion that he was guilty of shoplifting. While handcuffed, appellant was told that he was under arrest based on the outstanding warrant. At this point, the arrest was complete because appellant was already physically restrained. A reasonable person in appellant's position—in handcuffs and told by an officer that he was under arrest—would have understood himself to be restrained to the degree the law associates with formal arrest.

Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could find beyond a reasonable doubt that appellant was in custody and under arrest for a

felony when he fled from the officers. The evidence is legally sufficient to sustain the jury's verdict.

The point of error is overruled and the judgment of conviction is affirmed.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Waldrop

Affirmed

Filed:   January 24, 2007

Do Not Publish