NO. 07-03-0407-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 12, 2005

_____

JOE PEREZ MARTINEZ, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 100TH DISTRICT COURT OF DONLEY COUNTY;

NO. 3141; HONORABLE DAVID M. MCCOY, JUDGE
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Joe Perez Martinez, Jr. appeals his conviction for the felony offense of escape and jury-assessed punishment of twenty years confinement and fine of $10,000. We will affirm.

The facts giving rise to appellant's prosecution began when he was charged with driving while intoxicated in Hall County. Appellant was released on bond in early May 2002. Attorney Dale Rabe was appointed to represent appellant in that proceeding. On

November 14, 2002, the surety on that bond filed an affidavit surrendering appellant and seeking his arrest. The trial court in that proceeding signed an order attached to the affidavit directing the clerk to issue a capias for the appellant's arrest. The affidavit and order were filed the next day and a warrant was issued November 17, 2002.

The bond surety informed Donley County deputy sheriff Joe Stewart on November 14 that appellant was wanted in Hall County. Stewart called the Hall County Sheriff's office and confirmed appellant was wanted.[1] The same evening he located appellant at a house in the town of Hedley. While in the house Stewart told appellant he would "have to come with me, that I had a warrant for his arrest." Stewart did not place handcuffs on appellant but "took him by the arm" and led him to the marked patrol car outside. Appellant asked for permission to give his wallet to a resident of the house and was allowed to do so. Appellant also asked Stewart "What are you arresting me for?" When Stewart led appellant to the passenger side of the patrol car, appellant bolted and ignored Stewart's order to stop. He was subsequently captured and charged with the felony offense of escape. *See* Tex. Penal Code Ann. § 38.06 (Vernon 2003).

After a jury trial at which he was represented by attorney Rabe, appellant was found guilty and sentenced in accordance with the jury's verdict. He now presents four points of error on appeal in which he argues (1) he was denied due process because his counsel had less than ten days to prepare for trial, (2) and (3) the evidence was legally and factually insufficient to support his conviction for escape, and (4) the trial court erred in failing to

---

[1] In fact, no warrant had yet been issued for appellant's arrest. Stewart did not know who he had spoken to in the Hall County Sheriff's Department.

grant his motion for directed verdict on the ground that no warrant had been issued for his arrest.

Appellant's first point relies on the statutory right, established by Article 1.051(e) of the Code of Criminal Procedure (Vernon 2005), to have appointed counsel afforded a minimum of ten days to prepare for a proceeding. His argument is based on the fact his counsel Rabe was not formally appointed to represent him in the escape prosecution until July 24, 2003, and the trial began July 30, 2003.

Courts applying Article 1.051(e) focus on the actual preparation time provided appointed counsel, not the time of formal appointment. *See Marin v. State*, 891 S.W.2d 267 (Tex.Crim.App. 1994).

Here, as noted, attorney Rabe previously had been appointed by the same court to represent appellant in the original driving while intoxicated charge. Appellant's indictment on the escape charge was filed January 24, 2003. A May 19, 2003 Donley County docket listed Rabe as counsel for appellant on the escape charge. Rabe acknowledged receiving the docket, although he was not present in court on that date. The record also contains a letter from the trial court to Rabe dated June 11, 2003 setting the escape case for trial on July 28, 2003, and alternatively for July 30. The record further indicates the prosecutor sent discovery material to Rabe on June 19, and on dates later in June. Rabe conducted plea negotiations which contemplated dismissal of the escape charge in exchange for a plea of guilty of driving while intoxicated. The trial court did not err in finding trial counsel

3

was afforded sufficient preparation time to satisfy Article 1.051(e).  We overrule appellant's first point of error.

Appellant's second and third points challenge the sufficiency of the evidence supporting the jury's verdict of guilt.  The standards by which we must review challenges to the sufficiency of evidence are so well established their recitation here is unnecessary. *See Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Clewis v. State*, 922 S.W.2d 126 (Tex.Crim.App. 1996).

The offense of escape is defined in Section 38.06 of the Penal Code. It provides:

(a) a person commits an offense if he escapes from custody when he is:

(1) under arrest for, charged with, or convicted of an offense; or
(2) in custody pursuant to a lawful order of a court.

Tex. Pen. Code Ann. § 38.06 (Vernon 2005).  Section 38.01(1) defines custody to mean "under arrest by a peace officer or under restraint by a public servant pursuant to an order of a court of this state or another state of the United States . . . ."  Tex. Pen. Code Ann. § 38.01(1) (Vernon 2005).  Escape is defined as "unauthorized departure from custody . . . ." *Id*. at  § 38.01(2).

Appellant argues the evidence was insufficient to establish he was in custody within the meaning of Section 38.06.   He relies on *Medford v. State*, 13 S.W.3d 769 (Tex.Crim.App. 2000), for the proposition that a detention short of a completed arrest will not support a conviction for escape.  In *Medford*, an officer told Medford he was under

4

arrest and began to put handcuffs on him. As the officer grasped Medford's arm, he broke free and fled. *Medford*, 13 S.W.3d at 771. The Court of Criminal Appeals held an officer's expressed intent to arrest is insufficient, there must be a restriction on the person's liberty of movement. *Id.* at 773. Such a restriction is not limited to that achieved by physical contact. A suspect's submission to an officer's authority can establish arrest. *Id.* The United States Supreme Court has adopted this view. *California v. Hodari*, 499 U.S. 621, 626, 111 S.Ct. 1547, 113 L.Ed.690 (1991).

Appellant argues the evidence showed no completed arrest because Deputy Stewart did not successfully restrict his liberty of movement. We disagree. The evidence established both Deputy Stewart's physical control over appellant and appellant's submission to authority. Stewart exercised physical control by leading appellant out of the house by the arm. Appellant's submission to Stewart's authority was shown by his asking permission to give his wallet to another. We overrule appellant's second and third points.

In his fourth point, appellant assigns error to the denial of his motion for directed verdict on the basis that he was not in custody because no warrant for his arrest had been issued on November 14, 2002. He acknowledges the existence of Penal Code Section 38.08 stating it is no defense to the offense of escape that the custody was illegal,[2] but nonetheless argues he could not be in custody because no warrant had been issued. We find no merit in the argument. Appellant's contention that no warrant had been issued is a challenge to the legality of the arrest, making Section 38.08 applicable. We overrule

---

[2] *See also Morris v. State*, 696 S.W.2d 616 (Tex.App.–Houston [14th Dist.] 1985), *aff'd*, 739 S.W.2d 63 (Tex.Crim.App. 1987).

appellant's fourth point of error.  Finding no reversible error in the judgment of the trial court, we affirm that judgment.

James T. Campbell
Justice

Do not publish.