Affirmed and Memorandum Opinion filed March 6, 2008








Affirmed and Memorandum Opinion filed March 6, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00909-CR

_______________

 

WILLIE RAY SAMPLE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 184th District Court

Harris County, Texas

Trial Court Cause No. 1046650

                                                                                                                                               


 

M E M O R AN D U M  O P I N I O N

A jury
convicted appellant, Willie Ray Sample, of escape.  The trial court imposed a
sentence of twenty years= confinement.  In his sole issue, appellant contends the
evidence is legally insufficient to support his conviction.  Our disposition is
based on clearly settled law.  Accordingly, we issue this memorandum opinion
and affirm. See Tex. R. App P. 47.4.

Background








On
November 8, 2005, Houston Police Officers Steven Frank and Steven Carter
detained appellant after observing him solicit a ride in violation of the
Transportation Code.  Appellant informed the officers that he had no form of
identification. The officers then frisked appellant and placed him in the back
seat of their patrol car while they determined whether to issue a citation or
arrest appellant.  While appellant was in the back seat of the patrol car,
Officer Frank discovered appellant was wanted on open warrants.  Therefore, the
officers decided to arrest appellant.

With the
patrol car door remaining closed, Officer Carter used a remote control to roll
down the car window and informed appellant that he was under arrest.  Officer
Carter instructed appellant to face away from the car door and place his hands
behind his back to be handcuffed.  Appellant seemingly complied; however, when
Officer Carter opened the car door, appellant fled.  Officer Carter placed
appellant in a headlock, but appellant dragged him approximately 100 feet. 
Officer Frank attempted to aide Officer Carter, but the two officers were
initially unable to subdue appellant.  Officer Frank subsequently shocked
appellant three times with his stun-gun, after which appellant submitted to police
authority. 

At
trial, Officers Frank and Carter testified for the State.  Appellant also 
testified. The jury convicted appellant of escape.  This appeal followed.

Analysis

In his
sole issue, appellant contends the evidence is legally insufficient to support
his conviction for escape.  Specifically, appellant argues that (1) he was
never in Acustody@ as required under the applicable statue, and (2) even if he were in
custody, he never successfully escaped.  








In
evaluating legal sufficiency, we view the evidence in the light most favorable
to the verdict and determine whether a rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Salinas v. State, 163 S.W.3d
734, 737 (Tex. Crim. App. 2005).  We ensure only that the jury reached a
rational decision and do not act as a second arbiter of the weight and
credibility of testimony.  Muniz v. State, 851 S.W.2d 238, 246 (Tex.
Crim. App. 1993). 

1.         Custody

Appellant
first contends the jury could not have found the essential elements of the
offense of escape because he was not in custody as required under the Penal
Code.  Specifically, he argues that the police did not complete his arrest
until he submitted to police authority following Officer Frank=s use of his stun-gun.  We disagree.

AA person commits an offense if he escapes from custody when
he is . . . under arrest for . . . an offense.@ Tex. Pen. Code Ann. ' 38.06(a) (Vernon 2003).  For
purposes of this statute, an arrest must be complete in order to distinguish
the offense of escape from the offenses of evading or resisting arrest.[1] 
See Medford v. State, 13 S.W.3d 769, 773 (Tex. Crim. App. 2000).  Under
the escape statute, an arrest is complete when (1) a person=s liberty of movement is successfully
restricted or restrained, whether this is achieved by an officer=s physical force or the suspect=s submission to the officer=s authority; and (2) a reasonable
person in the suspect=s position would have understood the situation to constitute
a restraint on freedom of movement of the degree which the law associates with
a formal arrest.  Id.  Because the occurrence of an arrest cannot be
determined by any bright-line test, whether an arrest has occurred must be
determined on a case-by-case basis by examining the totality of the
circumstances.  In re M.C.L., 110 S.W.3d 591, 596 (Tex. App.CAustin 2003, no pet.). 








Viewing
the evidence in the light most favorable to the verdict, we conclude a rational
jury could have concluded appellant was in custody before he attempted to
flee.  Although it is clear that appellant was first stopped by the officers
and placed in the backseat of their patrol car under an investigatory
detention, the jury could have concluded appellant=s arrest was complete before he fled
from Officer Carter.

Appellant
was confined in the patrol car when Officer Carter informed him that he was
under arrest.  The jury could rationally conclude appellant=s arrest was legally complete at this
moment.  Although Officer Carter had not placed appellant in handcuffs,
appellant=s freedom of movement was successfully restrained because he was confined
to the officer=s patrol car.  Furthermore, a reasonable person would have understood the
situation to constitute a restraint on his freedom of movement to the degree
that the law associates with formal arrest.  See Medford, 13 S.W.3d at
773; see also U.S. v. Mendenhall, 446 U.S. 544, 553 (1980) (stating a
person is in custody within the meaning of the Fourth Amendment if, in view of
all the circumstances, a reasonable person would have believed that he was not
free to leave).  Consequently, the jury could have concluded appellant was in
custody before he attempted to flee from Officers Carter and Frank.

2.         Escape

Appellant
also contends the State failed to prove that he completed his escape from the
officers.  Appellant contends that, at most, he attempted to escape because he
never broke free from Officer Carter=s grasp.  We disagree.

A
suspect completes the offense of escape by moving beyond the bounds of his
confinement without authority.  See Fitzgerald v. State, 782 S.W.2d 876,
879 (Tex. Crim. App. 1990).  The offense is complete at the moment the suspect
moves outside the boundaries of confinement.  See id.








When
Officer Carter opened the patrol car door to handcuff appellant, he fled from
the officer.  Officer Carter placed appellant in a headlock and appellant
dragged Officer Carter approximately 100 feet before Officer Frank was able to
come to Officer Carter=s aide and subdue appellant.  Further, Officer Carter
testified that, although he was holding appellant in a headlock, the officers
had Ano control@ over the situation as appellant fled
from the patrol car. 

Viewing
the evidence in the light most favorable to the verdict, a rational trier of
fact could have found appellant escaped from Officer Carter when he moved
beyond the boundaries of the patrol car without authority and Officer Carter
lost control of appellant.  Consequently, the evidence is legally sufficient to
sustain the jury=s finding that appellant escaped from the officers.

Accordingly,
the judgment of the trial court is affirmed.   

 

 

 

/s/        Charles
W. Seymore

Justice

 

Judgment rendered and Memorandum Opinion filed March
6, 2008.

Panel consists of Justices Fowler, Frost, and Seymore.

 

 

 









[1]  The legislature has provided a continuum of offenses
relating to possible exigencies encountered by police when apprehending
suspects.  If the suspect flees from a peace officer before being arrested, he
may be convicted of evading arrest.  See Tex. Pen. Code Ann. ' 38.04(a) (Vernon 2003) (AA person commits an offense if he intentionally flees
from a person he knows is a peace officer attempting lawfully to arrest or
detain him.@).  If a suspect uses force against an officer to
prevent his arrest, he may be convicted of resisting arrest.  See Tex.
Pen. Code Ann. ' 38.03(a) (Vernon 2003) (AA person commits an offense if he intentionally
prevents or obstructs a person he knows is a peace officer or a person acting
in a peace officer=s presence and at his direction from effecting an
arrest, search, or transportation of the actor or another by using force
against the peace officer or another.@). 
If the suspect flees after he has been taken into custody, he may be convicted
of escape.  See Tex. Pen. Code Ann. '
38.06(a) (AA person commits an offense if he escapes from custody
when he is . . . under arrest for, charged with, or convicted of an offense.@).