BRIAN MILLSAP V. SHOW TRUCKS USA, INC.



NO. 07-08-0076-CR


NO. 07-08-0077-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JULY 23, 2008


______________________________



ARNALDO ORTIZ,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee


 _________________________________



FROM THE 46th DISTRICT COURT OF WILBARGER COUNTY;



NOS. 10,937 and 11,009; HON. DAN MIKE BIRD, PRESIDING


_______________________________





ON ABATEMENT AND REMAND


_______________________________



Before QUINN, C.J., HANCOCK, J., and BOYD, S.J. (1)

 Arnaldo Ortiz (appellant) appeals from two counts of aggravated sexual assault of
a child. He filed his notices of appeal on February 1, 2008. The clerk's records were filed
on February 27 and 28, 2008, and the reporter's records on March 25, 2008. However, the
appeals were abated to the trial court on March 4, 2008, because appellant had not signed
the trial court certification. The amended certifications and supplemental clerk's records
were filed on March 13, 2008. On March 31, 2008, counsel for appellant filed a motion to
withdraw, which was granted. New counsel filed motions for extension of time to file a brief
in each case on May 12, 2008, which motions were granted to June 9, 2008. On June 10,
2008, second extension motions were filed and granted to June 30, 2008, with the
admonition that no further extensions would be granted. No brief or extension was filed
with the Court. On July 7, 2008, a letter was sent to appellant's attorney notifying him the
briefs were overdue and that they or a response was due on July 17, 2008. To date, no
brief or extension motion has been filed in this Court.

 Consequently, we abate the appeal and remand the cause to the 46th District Court
(trial court) for further proceedings. Upon remand, the trial court shall immediately cause
notice of a hearing to be given and, thereafter, conduct a hearing to determine the
following:

 1. whether appellant is indigent; 


 2. whether appellant desires to prosecute the appeals; and


 3. whether appellant has been denied the effective assistance of
counsel due to appellate counsel's failure to timely file appellate
briefs. See Evitts v. Lucey, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed.2d 821, 828 (1985) (holding that an indigent defendant
is entitled to the effective assistance of counsel on the first appeal as
of right and that counsel must be available to assist in preparing and
submitting an appellate brief).


 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue the appeals, is indigent, and has been denied effective assistance of counsel, we
further direct it to appoint new counsel to assist in the prosecution of the appeal. The
name, address, phone number, telefax number, and state bar number of the new counsel,
if any, who will represent appellant on appeal must also be included in the court's findings
of fact and conclusions of law. Furthermore, the trial court shall also cause to be
developed 1) a supplemental clerk's record containing the findings of fact and conclusions
of law and 2) a reporter's record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's
record to be filed with the clerk of this court on or before August 11, 2008. Should
additional time be needed to perform these tasks, the trial court may request same on or
before August 11, 2008.

 It is so ordered.

 Per Curiam

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2008). 



e in exchange for a
plea of guilty of driving while intoxicated. The trial court did not err in finding trial counsel
was afforded sufficient preparation time to satisfy Article 1.051(e). We overrule appellant's
first point of error.

 Appellant's second and third points challenge the sufficiency of the evidence
supporting the jury's verdict of guilt. The standards by which we must review challenges
to the sufficiency of evidence are so well established their recitation here is unnecessary.
See Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Clewis v.
State, 922 S.W.2d 126 (Tex.Crim.App. 1996). 

 The offense of escape is defined in Section 38.06 of the Penal Code. It provides:

 (a) a person commits an offense if he escapes from custody when he is:


 (1) under arrest for, charged with, or convicted of an offense; or

 (2) in custody pursuant to a lawful order of a court.


Tex. Pen. Code Ann. § 38.06 (Vernon 2005). Section 38.01(1) defines custody to mean
"under arrest by a peace officer or under restraint by a public servant pursuant to an order
of a court of this state or another state of the United States . . . ." Tex. Pen. Code Ann. §
38.01(1) (Vernon 2005). Escape is defined as "unauthorized departure from custody . . . ."  
Id. at § 38.01(2). 

 Appellant argues the evidence was insufficient to establish he was in custody within
the meaning of Section 38.06. He relies on Medford v. State, 13 S.W.3d 769
(Tex.Crim.App. 2000), for the proposition that a detention short of a completed arrest will
not support a conviction for escape. In Medford, an officer told Medford he was under
arrest and began to put handcuffs on him. As the officer grasped Medford's arm, he broke
free and fled. Medford, 13 S.W.3d at 771. The Court of Criminal Appeals held an officer's
expressed intent to arrest is insufficient, there must be a restriction on the person's liberty
of movement. Id. at 773. Such a restriction is not limited to that achieved by physical
contact. A suspect's submission to an officer's authority can establish arrest. Id. The
United States Supreme Court has adopted this view. California v. Hodari, 499 U.S. 621,
626, 111 S.Ct. 1547, 113 L.Ed.690 (1991). 

 Appellant argues the evidence showed no completed arrest because Deputy Stewart
did not successfully restrict his liberty of movement. We disagree. The evidence
established both Deputy Stewart's physical control over appellant and appellant's
submission to authority. Stewart exercised physical control by leading appellant out of the
house by the arm. Appellant's submission to Stewart's authority was shown by his asking
permission to give his wallet to another. We overrule appellant's second and third points.

 In his fourth point, appellant assigns error to the denial of his motion for directed
verdict on the basis that he was not in custody because no warrant for his arrest had been
issued on November 14, 2002. He acknowledges the existence of Penal Code Section
38.08 stating it is no defense to the offense of escape that the custody was illegal, (2) but
nonetheless argues he could not be in custody because no warrant had been issued. We
find no merit in the argument. Appellant's contention that no warrant had been issued is
a challenge to the legality of the arrest, making Section 38.08 applicable. We overrule
appellant's fourth point of error. Finding no reversible error in the judgment of the trial
court, we affirm that judgment.


 James T. Campbell

 Justice 




Do not publish.

 


1. ' 
 ' 
2. See also Morris v. State, 696 S.W.2d 616 (Tex.App.-Houston [14th Dist.] 1985),
aff'd, 739 S.W.2d 63 (Tex.Crim.App. 1987).