NO. 07-09-0046-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MARCH 6, 2009

______________________________



MARC E. ROUNSAVALL, APPELLANT



v.



THE STATE OF TEXAS, APPELLEE

_________________________________



FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;



NO. 2007-442,973; HON. LARRY B. âRUSTYâ LADD, PRESIDING

_______________________________





Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
ABATEMENT AND REMAND
Â Â Â Â Â Â Â Â Â Â Following a plea of not guilty, appellant, Marc E. Rounsavall, was convicted by a jury
of driving while intoxicated and sentenced to 30 days incarceration in the Lubbock County
Jail and $2,000 fine. The fine was, however, probated. The clerkâs record was filed on
February 26, 2009.
Â Â Â Â Â Â Â Â Â Â Texas Rule of Appellate Procedure 25.2(a)(2) requires that a trial court shall enter
a Certification of Defendantâs Right of Appeal each time it enters a judgment of guilt or
other appealable order. Tex. R. App. P. 25.2(a)(2); Hargesheimer v. State, 182 S.W.3d
906, 911 (Tex.Crim.App. 2006). An appeal must be dismissed if the certification has not
been made part of the record under the applicable rules. Tex. R. App. P. 25.2(d). An
appellate court that has an appellate record that includes a certification is obligated to
review the record to ascertain whether the certification is defective. Dears v. State, 154
S.W.3d 610, 615 (Tex.Crim.App. 2005). 
Â Â Â Â Â Â Â Â Â Â Pursuant to an amendment to Rule 25.2(d), which became effective on September
1, 2007, the certification of defendantâs right of appeal must be signed by the defendant
and a copy must be given to him. Tex. R. App. P. 25.2(d). Additionally, the certification
shall include a notice that the defendant has been informed of his rights concerning appeal,
as well as his right to file a pro se petition for discretionary review.


 
Â Â Â Â Â Â Â Â Â Â The certification contained in the clerkâs record does not contain the defendantâs
signature. Furthermore, it does not reflect whether a copy of the certification was given to
the defendant nor does it indicate whether the defendant was given the required
admonishments. Therefore, the certification on file is defective.
Â Â Â Â Â Â Â Â Â Â Consequently, we abate this appeal and remand the cause to the trial court for
further proceedings. Upon remand, the trial court shall utilize whatever means necessary
to secure a Certification of Defendantâs Right of Appeal in compliance with Rule 25.2(d). 
Once properly executed, the certification shall be included in a supplemental clerkâs record
and filed with the Clerk of this Court on or before April 6, 2009.
Â Â Â Â Â Â Â Â Â Â This order constitutes notice to all parties of the defective certification pursuant to
Rule 37.1 of the Texas Rules of Appellate Procedure. See Tex. R. App. P. 37.1. If a
supplemental clerkâs record containing a proper certification is not filed in accordance with
this order, this matter will be referred to the Court for dismissal. See Tex. R. App. P.
25.2(d).
Â Â Â Â Â Â Â Â Â Â It is so ordered.
Per Curiam
Do not publish.



" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Grid 1 Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-00027-CR

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL A

Â 



JULY
27, 2011

Â 



Â 

RICHARD N. TREVINO, APPELLANT

Â 

v.

Â 

THE STATE OF TEXAS, APPELLEE 



Â 



Â 

 FROM THE 426TH DISTRICT COURT OF
BELL COUNTY;

Â 

NO. 65377; HONORABLE FANCY H. JEZEK, JUDGE



Â 



Â 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Â 

Â 

MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â  Appellant,
Richard N. Trevino, was convicted of indecency with a child by contact[1]
and sentenced to twenty yearsÂ imprisonment.Â 
On appeal from his conviction, he complains that the trial court erred
by including in its charge to the jury a definition of female genitalia.Â  Appellant maintains that the trial courtÂs
inclusion of this definition constitutes an improper comment on the weight of
the evidence because a witness had testified to a substantially similar
definition at trial.Â  We will affirm.

Factual and Procedural History

Â Â Â Â Â Â Â Â Â Â Â  Because
appellant does not challenge the sufficiency of the evidence to support his
conviction, we provide only so much of the factual background as is necessary
to provide a context and to address appellantÂs issue.Â  When she was in sixth grade, V.H. was the
only passenger on the school bus that appellant drove.Â  The two talked regularly.Â  After V.H. moved to a different bus route in
the seventh grade, fifty-two-year-old appellant made arrangements to take then
thirteen-year-old V.H. to various extra-curricular activities, making certain
to take longer routes and to arrange stops so that V.H. was either the last
remaining or the only passenger on the bus.Â 
The two began to talk regularly by phone and exchanged text messages and
letters.Â  Their relationship eventually
took on certain romantic characteristics.

Â Â Â Â Â Â Â Â Â Â Â  In
the spring of 2009, appellant drove V.H. to a newly-developed neighborhood,
parked the bus, and began kissing and touching her as he had done in the
past.Â  He removed V.H.Âs pants and kissed
and touched her Âgenital area.ÂÂ  At a
later encounter, appellant once again removed her pants and penetrated her
vagina with his penis for, according to V.H., about fifteen seconds.

Â Â Â Â Â Â Â Â Â Â Â  The
State presented testimony from Heather Young, registered nurse and sexual
assault nurse examiner (SANE).Â  In
pertinent part and in reference to a diagram, Young testified as follows:

The external structures, the first thing [you] have, this is called the
Â the fatty outer lips of the Â of the genitalia is called the labia majora.Â  Okay.Â  That is where pubic hair grows.Â  Okay.

Also, part of the external genitalia is called the mons
pubic Â pubis.Â  It is the area up here.Â  It is a fatty layer of tissue over the pubic
bone that also has pubic hair growth on it as well.

. . .

And I apologize.Â  I did forget to
mention the fatty outer lips which is the labia majora, then you have the inner lip which is the labia minora, itÂs the thin inner lip, as well.

Appellant lodged no
objection to this testimony. 

Â Â Â Â Â Â Â Â Â Â Â  In
its charge to the jury, the trial court included the following language:

The genitals or genitalia of a female consist of an internal group and
an external group.Â  The internal group is
situated within the pelvis and consists of the ovaries, uterine tubes, uterus
and vagina.Â  The external group is
situated below and in front of the pubic arch and consists of the mons pubis (the rounded mound in front of the joinder of the pubic bones that becomes covered with hair
at the time of puberty), the labia majora and minora (longitudinal folds of skin at the opening of the
female orifice) and certain glands situated within the vestibule of the vagina.

Appellant objected to the
inclusion of this definition.Â  Appellant
contended and maintains on appeal that inclusion of this definition constituted
an improper comment by the trial court on the weight of the evidence because it
so closely resembled the testimony of Young.Â 
We will overrule appellantÂs sole issue presented and affirm the trial
courtÂs judgment of conviction.

Standard of Review and Applicable Law

Â Â Â Â Â Â Â Â Â Â Â  A
person commits the offense of indecency with a child by contact if, with a
child younger than 17 years of age and not the personÂs spouse, the person
engages in sexual contact with the child or causes the child to engage in
sexual contact.Â  Tex. Penal Code Ann. Â§ 21.11(a)(1).Â  ÂSexual contactÂ means Âany touching by a
personÂ of Âany part of the genitals of a childÂ or Âany touching of any part
of the body of a childÂ with Âany part of the genitals of a person,Â Âif
committed with the intent to arouse or gratify the sexual desire of any
person.ÂÂ  Id. Â§
21.11(c).Â  The Texas Penal Code
does not define the term Âgenitals.Â

Â Â Â Â Â Â Â Â Â Â Â  The
trial courtÂs charge to the jury must satisfy the following definition:

a written
charge distinctly setting forth the law applicable to the case; not expressing
any opinion as to the weight of the evidence, not summing up the testimony,
discussing the facts or using any argument in his charge calculated to arouse
the sympathy or excite the passions of the jury.

Tex.
Code Crim. Proc. Ann. art. 36.14 (West 2007).Â  The trial courtÂs charge must contain an
accurate description of the law.Â  Ex parte Varelas, 45 S.W.3d 627,
633 (Tex.Crim.App. 2001).Â  But the trial court must not convey any
personal opinion in the jury charge as to the truth or falsity of any
evidence.Â  Russell
v. State, 749 S.W.2d 77, 78 (Tex.Crim.App. 1988).Â  A charge that Âassumes the truth of a controverted issueÂ is an improper comment on the weight of
the evidence.Â  Whaley
v. State, 717 S.W.2d 26, 32 (Tex.Crim.App. 1986);
Delapaz v. State, 228 S.W.3d 183, 212 (Tex.App.ÂDallas 2007, pet. refÂd).

Â Â Â Â Â Â Â Â Â Â Â  A
trial court has broad discretion in submitting proper definitions and
explanatory phrases to the jury.Â  Macias v. State, 959 S.W.2d 332, 336 (Tex.App.ÂHouston
[14th Dist.] 1997, pet. refÂd).Â  A trial court must define any legal phrase
that a jury must necessarily use in properly resolving the issues.Â  See Breckenridge
v. State, 40 S.W.3d 118, 123 (Tex.App.ÂSan
Antonio 2000, pet. refÂd); Macias, 959 S.W.2d
at 336.Â  As a general rule, a term
that is not legislatively defined is to be understood as ordinary usage allows,
and jurors may give them any meaning which is acceptable in common
parlance.Â  See Breckenridge,
40 S.W.3d at 123 (citing Medford v. State, 13 S.W.3d 769, 771-72 (Tex.Crim.App. 2000)).

Â Â Â Â Â Â Â Â Â Â Â  As
the Breckenridge court pointed out, however, there are exceptions to
this general rule:

Justice is better served, and more consistently applied, if jurors are
provided a precise, uniform definition to guide their determination regarding
the meaning of certain words and phrases.Â 
For example, justice is better served by defining words and phrases
which have a known and established legal meaning, or which have acquired a
peculiar and appropriate meaning in the law, as where the words have a
well-known common law meaning.

Id. (citing Medford, 13 S.W.3d at
772).Â  (Internal citations omitted).

Â Â Â Â Â Â Â Â Â Â Â  Applying
this exception, the Breckenridge court addressed a contention similar to
the one made by appellant in the instant case.Â 
Breckenridge had been convicted of indecency with a child by exposure
and argued on appeal that the trial court should not have included a definition
of female genitalia that was identical to the one included in the instant
case.Â  Id. at
121.Â  The San Antonio court
rejected the appellantÂs argument that the definition Âsingled out testimony
and commented on the weight of the evidence.ÂÂ 
Id. at 122, 124.Â  Because the testimony at trial drew
distinctions between the terms ÂvaginaÂ and Âpubic areaÂ and because Âthe
jurors were required to understand the legal meaning of the term genitals to
properly resolve the issue,Â the trial court did not abuse its discretion by
including a definition of ÂgenitalsÂ in its charge to the jury.[2]Â  Id. at 124.

Â Â Â Â Â Â Â Â Â Â Â  In
arriving at its conclusions directly relevant to the issues at bar, the Breckenridge
court discussed Clark v. State, 558 S.W.2d 887, 888Â89 (Tex.Crim.App. 1977).Â 
In Clark, the appellant challenged the sufficiency of the
evidence to sustain his conviction for indecency with a child and urged a
narrow definition of Âsexual contactÂ and Âgenitals.ÂÂ  See id. at
889.Â  The Texas Court of Criminal Appeals
rejected the appellantÂs interpretations and concluded that Section 21.11
prohibited the touching of any part of the genitals, which includes more than
just the vagina.Â  See id.Â  The court continued: Âthe definition of
ÂgenitalsÂ includes the vulva which immediately surrounds the vagina.ÂÂ  Id.; see Carmell
v. State, 331 S.W.3d 450, 460 (Tex.App.ÂFort
Worth 2010, pet. refÂd).

Â Â Â Â Â Â Â Â Â Â Â  Authority
from the Austin court is consistent with ClarkÂs conclusions and its
treatment of the term ÂgenitalsÂ as one having an established legal meaning.[3]Â  See Aylor
v. State, 727 S.W.2d 727, 729Â30 (Tex.App.ÂAustin
1987, pet. refÂd) (quoting ClarkÂs definition
of ÂgenitalsÂ to support conclusion that, similarly, Âfemale sexual organÂ
included more than the vagina).Â 
Authority from this Court is likewise consistent.Â  We recently applied ClarkÂs definition
of ÂgenitalsÂ in determining that evidence that the appellant touched the
Âpubic hair areaÂ of the victim was sufficient to support a conviction for
indecency with a child by contact.Â  See
Salcido v. State, No. 07-10-00170-CR,
2011 Tex. App. LEXIS 1791, at *6Â8 (Tex.App.ÂAmarillo
Mar. 11, 2011, pet. refÂd) (mem.
op., not designated for publication).Â 
And in an analogous case, we concluded that the trial court did not
abuse its discretion by including in its charge a definition of the term
Âfemale sexual organÂ as it related to the charges of aggravated sexual
assault.Â  See Gonzales v. State,
No. 07-07-00036-CR, 2010 Tex. App. LEXIS 4962, at *3 (Tex.App.ÂAmarillo
June 28, 2010, no pet.) (mem. op.,
not designated for publication).

Analysis

Â Â Â Â Â Â Â Â Â Â Â  Here,
V.H. testified that appellant kissed and touched her Âgenital area.ÂÂ  She described appellant touching her on Âthe
topÂ of her genital area where she had begun to grow hair.Â  So, the jury heard evidence
as to the where and how appellant touched V.H.Â  As was the case in Breckenridge, the
jury was called on to understand the legal meaning of the term ÂgenitalsÂ to
resolve an issue in this case: whether appellantÂs actions met the definition
of Âsexual contact.ÂÂ  See Breckenridge,
40 S.W.3d at 124.Â 
The trial court did not abuse its discretion by providing the jury with
the meaning of the term ÂgenitalsÂ in order to accurately set forth the law
applicable to this case.Â  See Tex. Code Crim. Proc. Ann. art 36.14.Â  The trial court, therefore, did not abuse its
discretion by including a definition of ÂgenitalsÂ in its charge to the
jury.Â  We overrule appellantÂs sole issue
on appeal.

Â 

Conclusion

Â Â Â Â Â Â Â Â Â Â Â  Having
overruled appellantÂs sole issue, we affirm the judgment of the trial court.

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Mackey
K. Hancock

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice








Â 

Do
not publish.Â  

Â 











[1]
See
Tex. Penal Code Ann. Â§ 21.11(a)(1) (West 2011).Â  In
companion case, Trevino v. State, 07-11-00026-CR, appellant appealed his
conviction for aggravated sexual assault of a child.

Â 





[2]
Appellant relies heavily on the dissenting
opinion in Breckenridge, 40 S.W.3d at 128 (Hardberger,
J., dissenting).Â  We are not persuaded to
adopt the dissenting opinionÂs rationale and respectfully decline to do so.

Â 





[3]
This appeal was originally filed in the Third
Court of Appeals but was transferred to this Court pursuant to the Texas
Supreme CourtÂs docket equalization efforts.Â 
See Tex. GovÂt Code Ann. Â§ 73.001 (West 2005).Â  As we point out, we are aware of no conflicts
between the authority of the Austin court and this Court which would invoke the
conflicts considerations of Rule 41.3 of the Texas Rules of Appellate Procedure.Â