NO. 07-11-00027-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 27, 2011

RICHARD N. TREVINO, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 426TH DISTRICT COURT OF BELL COUNTY;

NO. 65377; HONORABLE FANCY H. JEZEK, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Richard N. Trevino, was convicted of indecency with a child by contact[1] and sentenced to twenty years' imprisonment. On appeal from his conviction, he complains that the trial court erred by including in its charge to the jury a definition of female genitalia. Appellant maintains that the trial court's inclusion of this definition constitutes an improper comment on the weight of the evidence because a witness had testified to a substantially similar definition at trial. We will affirm.

---

[1] See TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011). In companion case, Trevino v. State, 07-11-00026-CR, appellant appealed his conviction for aggravated sexual assault of a child.

Factual and Procedural History

Because appellant does not challenge the sufficiency of the evidence to support his conviction, we provide only so much of the factual background as is necessary to provide a context and to address appellant's issue. When she was in sixth grade, V.H. was the only passenger on the school bus that appellant drove. The two talked regularly. After V.H. moved to a different bus route in the seventh grade, fifty-two-year-old appellant made arrangements to take then thirteen-year-old V.H. to various extra-curricular activities, making certain to take longer routes and to arrange stops so that V.H. was either the last remaining or the only passenger on the bus. The two began to talk regularly by phone and exchanged text messages and letters. Their relationship eventually took on certain romantic characteristics.

In the spring of 2009, appellant drove V.H. to a newly-developed neighborhood, parked the bus, and began kissing and touching her as he had done in the past. He removed V.H.'s pants and kissed and touched her "genital area." At a later encounter, appellant once again removed her pants and penetrated her vagina with his penis for, according to V.H., about fifteen seconds.

The State presented testimony from Heather Young, registered nurse and sexual assault nurse examiner (SANE). In pertinent part and in reference to a diagram, Young testified as follows:

> The external structures, the first thing [you] have, this is called the – the fatty outer lips of the – of the genitalia is called the labia majora. Okay. That is where pubic hair grows. Okay.

Also, part of the external genitalia is called the mons pubic – pubis. It is the area up here. It is a fatty layer of tissue over the pubic bone that also has pubic hair growth on it as well.

. . .

And I apologize. I did forget to mention the fatty outer lips which is the labia majora, then you have the inner lip which is the labia minora, it's the thin inner lip, as well.

Appellant lodged no objection to this testimony.

In its charge to the jury, the trial court included the following language:

The genitals or genitalia of a female consist of an internal group and an external group. The internal group is situated within the pelvis and consists of the ovaries, uterine tubes, uterus and vagina. The external group is situated below and in front of the pubic arch and consists of the mons pubis (the rounded mound in front of the joinder of the pubic bones that becomes covered with hair at the time of puberty), the labia majora and minora (longitudinal folds of skin at the opening of the female orifice) and certain glands situated within the vestibule of the vagina.

Appellant objected to the inclusion of this definition. Appellant contended and maintains on appeal that inclusion of this definition constituted an improper comment by the trial court on the weight of the evidence because it so closely resembled the testimony of Young. We will overrule appellant's sole issue presented and affirm the trial court's judgment of conviction.

Standard of Review and Applicable Law

A person commits the offense of indecency with a child by contact if, with a child younger than 17 years of age and not the person's spouse, the person engages in sexual contact with the child or causes the child to engage in sexual contact. Tex. Penal Code Ann. § 21.11(a)(1). "Sexual contact" means "any touching by a person" of

3

"any part of the genitals of a child" or "any touching of any part of the body of a child" with "any part of the genitals of a person," "if committed with the intent to arouse or gratify the sexual desire of any person." Id. § 21.11(c). The Texas Penal Code does not define the term "genitals."

The trial court's charge to the jury must satisfy the following definition:

a written charge distinctly setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in his charge calculated to arouse the sympathy or excite the passions of the jury.

TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). The trial court's charge must contain an accurate description of the law. Ex parte Varelas, 45 S.W.3d 627, 633 (Tex.Crim.App. 2001). But the trial court must not convey any personal opinion in the jury charge as to the truth or falsity of any evidence. Russell v. State, 749 S.W.2d 77, 78 (Tex.Crim.App. 1988). A charge that "assumes the truth of a controverted issue" is an improper comment on the weight of the evidence. Whaley v. State, 717 S.W.2d 26, 32 (Tex.Crim.App. 1986); Delapaz v. State, 228 S.W.3d 183, 212 (Tex.App.—Dallas 2007, pet. ref'd).

A trial court has broad discretion in submitting proper definitions and explanatory phrases to the jury. Macias v. State, 959 S.W.2d 332, 336 (Tex.App.—Houston [14th Dist.] 1997, pet. ref'd). A trial court must define any legal phrase that a jury must necessarily use in properly resolving the issues. See Breckenridge v. State, 40 S.W.3d 118, 123 (Tex.App.—San Antonio 2000, pet. ref'd); Macias, 959 S.W.2d at 336. As a general rule, a term that is not legislatively defined is to be understood as ordinary

4

usage allows, and jurors may give them any meaning which is acceptable in common parlance. See Breckenridge, 40 S.W.3d at 123 (citing Medford v. State, 13 S.W.3d 769, 771-72 (Tex.Crim.App. 2000)).

As the Breckenridge court pointed out, however, there are exceptions to this general rule:

> Justice is better served, and more consistently applied, if jurors are provided a precise, uniform definition to guide their determination regarding the meaning of certain words and phrases. For example, justice is better served by defining words and phrases which have a known and established legal meaning, or which have acquired a peculiar and appropriate meaning in the law, as where the words have a well-known common law meaning.

Id. (citing Medford, 13 S.W.3d at 772). (Internal citations omitted).

Applying this exception, the Breckenridge court addressed a contention similar to the one made by appellant in the instant case. Breckenridge had been convicted of indecency with a child by exposure and argued on appeal that the trial court should not have included a definition of female genitalia that was identical to the one included in the instant case. Id. at 121. The San Antonio court rejected the appellant's argument that the definition "singled out testimony and commented on the weight of the evidence." Id. at 122, 124. Because the testimony at trial drew distinctions between the terms "vagina" and "pubic area" and because "the jurors were required to understand the legal

meaning of the term genitals to properly resolve the issue," the trial court did not abuse its discretion by including a definition of "genitals" in its charge to the jury.[2] Id. at 124.

In arriving at its conclusions directly relevant to the issues at bar, the Breckenridge court discussed Clark v. State, 558 S.W.2d 887, 888–89 (Tex.Crim.App. 1977). In Clark, the appellant challenged the sufficiency of the evidence to sustain his conviction for indecency with a child and urged a narrow definition of "sexual contact" and "genitals." See id. at 889. The Texas Court of Criminal Appeals rejected the appellant's interpretations and concluded that Section 21.11 prohibited the touching of any part of the genitals, which includes more than just the vagina. See id. The court continued: "the definition of 'genitals' includes the vulva which immediately surrounds the vagina." Id.; see Carmell v. State, 331 S.W.3d 450, 460 (Tex.App.—Fort Worth 2010, pet. ref'd).

Authority from the Austin court is consistent with Clark's conclusions and its treatment of the term "genitals" as one having an established legal meaning.[3] See Aylor v. State, 727 S.W.2d 727, 729–30 (Tex.App.—Austin 1987, pet. ref'd) (quoting Clark's definition of "genitals" to support conclusion that, similarly, "female sexual organ" included more than the vagina). Authority from this Court is likewise consistent. We

---

[2] Appellant relies heavily on the dissenting opinion in Breckenridge, 40 S.W.3d at 128 (Hardberger, J., dissenting). We are not persuaded to adopt the dissenting opinion's rationale and respectfully decline to do so.

[3] This appeal was originally filed in the Third Court of Appeals but was transferred to this Court pursuant to the Texas Supreme Court's docket equalization efforts. See TEX. GOV'T CODE ANN. § 73.001 (West 2005). As we point out, we are aware of no conflicts between the authority of the Austin court and this Court which would invoke the conflicts considerations of Rule 41.3 of the Texas Rules of Appellate Procedure.

recently applied <u>Clark</u>'s definition of "genitals" in determining that evidence that the appellant touched the "pubic hair area" of the victim was sufficient to support a conviction for indecency with a child by contact. <u>See</u> <u>Salcido v. State</u>, No. 07-10-00170-CR, 2011 Tex. App. LEXIS 1791, at *6–8 (Tex.App.—Amarillo Mar. 11, 2011, pet. ref'd) (mem. op., not designated for publication). And in an analogous case, we concluded that the trial court did not abuse its discretion by including in its charge a definition of the term "female sexual organ" as it related to the charges of aggravated sexual assault. <u>See</u> <u>Gonzales v. State</u>, No. 07-07-00036-CR, 2010 Tex. App. LEXIS 4962, at *3 (Tex.App.—Amarillo June 28, 2010, no pet.) (mem. op., not designated for publication).

## Analysis

Here, V.H. testified that appellant kissed and touched her "genital area." She described appellant touching her on "the top" of her genital area where she had begun to grow hair. So, the jury heard evidence as to the where and how appellant touched V.H. As was the case in <u>Breckenridge</u>, the jury was called on to understand the legal meaning of the term "genitals" to resolve an issue in this case: whether appellant's actions met the definition of "sexual contact." <u>See</u> <u>Breckenridge</u>, 40 S.W.3d at 124. The trial court did not abuse its discretion by providing the jury with the meaning of the term "genitals" in order to accurately set forth the law applicable to this case. <u>See</u> TEX. CODE CRIM. PROC. ANN. art 36.14. The trial court, therefore, did not abuse its discretion by including a definition of "genitals" in its charge to the jury. We overrule appellant's sole issue on appeal.

7

Conclusion

Having overruled appellant's sole issue, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice


Do not publish.