

# Fourth Court of Appeals
## San Antonio, Texas

### CONCURRING OPINION

No. 04-12-00830-CR

Joseph Lester **GREEN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 38th Judicial District Court, Medina County, Texas
Trial Court No. 11-06-10686-CR
The Honorable Camile G. DuBose, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice
Concurring Opinion by:  Luz Elena D. Chapa, Justice

Sitting:        Sandee Bryan Marion, Justice
                Rebeca C. Martinez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  May 28, 2014

I concur in the judgment because the result reached by the majority is compelled by the holding in *Kirsch v. State*, 357 S.W.3d 645, 650-52 (Tex. Crim. App. 2012), which tells us that a jury charge should not include definitions of words or phrases unless they are statutorily defined or have acquired a technical meaning. The legislature has not defined "female sexual organ" or "penetration" as those words are used in chapter 22 of the Penal Code. And, I agree those words do not have technical meanings akin to those in *Celis v. State*, 416 S.W.3d 419, 433-34 (Tex. Crim. App. 2013) ("foreign legal consultant") and *Medford v. State*, 13 S.W.3d 769, 772 (Tex. Crim. App. 2000) ("arrest"), in which the jury instructions were upheld.

However, I believe these instructions were appropriate and necessary to assure the jury's fair understanding of the evidence and proper application of the law to the evidence. Touching beneath the fold of the external genitalia constitutes penetration of the female sexual organ within the meaning of the sexual assault statute. *See Cornet v. State*, 359 S.W.3d 217, 226 (Tex. Crim. App. 2012); *Vernon v. State*, 841 S.W.2d 407, 409-410 (Tex. Crim. App. 1992). I do not believe that comports with the common and ordinary understanding of the words "penetration" and "female sexual organ." If not constrained by *Kirsch*, I would conclude the definitions of "female sexual organ" and "penetration" in the charge in this case were both proper and necessary and were not comments on the weight of the evidence. I therefore urge the Texas Legislature to adopt statutory definitions of these terms so that in future sexual assault cases the jury may be instructed as to their meaning.

Luz Elena D. Chapa, Justice

PUBLISH