

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

———————————————

No. 07-14-00288-CR
No. 07-14-00304-CR

———————————————

**TORREY MICHAEL SPAULDING, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 69th District Court
Dallam County and Hartley County, Texas
Trial Court Nos. 4352 and 1159H; Honorable Ron Enns, Presiding

October 27, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Following pleas of not guilty before the court, Appellant, Torrey Michael Spaulding, was convicted of escape[1] in Dallam County trial court cause number 4352 and of burglary of a habitation[2] in Hartley County trial court cause number 1159H.[3]

---

[1] TEX. PENAL CODE ANN. § 38.06(a)(1), (c)(1) (West Supp. 2014). Escape in this case is a third degree felony.

[2] TEX. PENAL CODE ANN. § 30.02(a)(3), (c)(2) (West 2011). Burglary of a habitation in this case is a second degree felony.

Both offenses were "double enhanced" by five prior felony convictions arising out of offenses committed in Michigan.[4] After presentation of punishment evidence that included proof of the prior felony convictions, the court then sentenced Appellant to forty years confinement as to each case. In presenting these appeals, counsel has filed an *Anders*[5] brief in support of a motion to withdraw. We affirm and grant counsel's motion.

BACKGROUND

Joe Carranza testified that he and Appellant were friends. On May 24, 2013, Detective David Conner took Carranza to the police station and questioned him about a forgery case involving Appellant. After Carranza returned home, he heard his dog barking, looked out the window, and saw Appellant in his backyard. He described Appellant as being "winded" and in possession of a silver and blue bicycle. Appellant removed sand paper and a can of spray paint from his backpack and began sanding the bicycle.

Per Detective Conner's request, Carranza called him to advise him Appellant was at his house. When Detective Conner arrived, he was directed to the backyard by Carranza where the detective observed Appellant scraping decals off a red bicycle. Appellant was arrested for an outstanding criminal trespass complaint from Carranza's father, the owner of the house.

---

[3] While sitting in Dallam County, cause number 1159H was called for trial and the proceedings began. After several witnesses testified, confusion arose concerning Appellant's Hartley County case. The parties realized that Appellant had not yet given written consent to have his Hartley County case heard in Dallam County. A document was then signed by Appellant consenting to venue. *See* TEX. CODE CRIM. PROC. ANN. art. 13.20 (West 2015). The trial court voided everything that transpired prior to obtaining written consent and the trial began anew with both cause numbers being called.

[4] Because both offenses were "double enhanced," the range of punishment was elevated to any term of not more than 99 years or less than 25 years. TEX. PENAL CODE ANN. § 12.42(d) (West 2015).

[5] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

Officers arrived at the house to assist the detective and were instructed by him to seize the bicycle, which he suspected was stolen. Appellant was taken into custody for criminal trespass and driven to the police station for questioning. Appellant was administered his *Miranda* rights, and according to Detective Conner, Appellant waived his rights and voluntarily spoke with him. Appellant was interrogated for almost thirty minutes about other felonies including forgery and theft of a vehicle that Detective Conner was investigating. Based on incriminating answers given by Appellant, Detective Conner advised him he was arresting him for the crimes discussed.[6]

He placed Appellant, whose hands were cuffed behind his back, in the front seat of his vehicle, restrained him with the seat belt, and closed the door.[7] As the detective proceeded around the vehicle, he heard a noise and saw Appellant running away. His call to stop went unheeded but he eventually caught Appellant and took him to the ground. Another officer assisted and took Appellant back into custody. The assisting officer's patrol car video recorder captured the escape.

Back at the police station, Detective Conner learned that a bicycle had been reported stolen from a garage attached to a residence. He took the complainant to the evidence room where she identified the red bicycle as the one that had been stolen.[8] At trial, she testified the bicycle was stolen from inside her garage and she identified it by

---

[6] According to Detective Conner, Appellant did not admit to the crimes but did admit to being with a person who was in possession of stolen checks. During cross-examination, the detective testified he had probable cause to arrest Appellant under article 14.03(a)(6) of the Texas Code of Criminal Procedure because Appellant made a statement that would be admissible against him under article 38.21 of the Code.

[7] The detective testified he was not driving his usual vehicle that day.

[8] Detective Conner testified that Carranza was mistaken when he testified he saw a silver and blue bicycle because the only bicycle the detective and another officer observed in the backyard was a red bicycle.

the custom seat she had placed on the bicycle and a light she had added to the handle bar. She did not know Appellant and had not given him permission to enter her garage or take her bicycle.

The defense called an inmate for the purpose of having him testify that he had seen Appellant purchase a red bicycle on the day in question. Ultimately, however, the witness testified that Appellant asked him to lie for him.

After reviewing the recordings admitted into evidence, the trial court found Appellant guilty of both offenses and proceeded with punishment. After sustaining defense counsel's objections that a name and date of birth were insufficient to establish that Appellant was the same person referenced in prior felony judgments, the State put on fingerprint evidence tying Appellant to those judgments. Defense counsel then made hearsay objections to the prior judgments which were from Michigan, and the trial court granted a continuance for the State to prove the prior offenses were committed by Appellant. When the punishment hearing reconvened, the State offered, without objection, a certified letter from the Michigan Department of Corrections establishing Appellant's prior felony convictions.

During his testimony, Appellant confirmed his extensive criminal history, including a juvenile record, and acknowledged the minimum sentence of twenty-five years. Appellant expressed his opinion that the minimum punishment was too harsh and that it did not fit the crime for which he was convicted. He also testified about having a drug problem and expressed the non-violent nature of his criminal history. The trial court assessed a forty-year sentence in each case.

4

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record in both cases, and in his opinion, they reflect no potentially plausible basis for reversal of Appellant's convictions. *Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the records support that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to review the records and file a *pro se* response if he desired to do so,[9] and (3) informing him of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[10] By letter, this court granted Appellant an opportunity to exercise his right to file a response to counsel's brief. Appellant did not file a response. Neither did the State favor us with a brief.

We note the offense of escape requires a person to escape from custody after having been arrested for, charged with, or convicted of an offense. *Medford v. State*, 13 S.W.3d 769, 772 (Tex. Crim. App. 2000). Furthermore, a person commits burglary of a

---

[9] *See Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014) (regarding Appellant's right of access to the record for purposes of filing a *pro se* response).

[10] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgments together with notification of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & 411 n.35. The duty to send the client a copy of this court's decision is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

habitation if, without the owner's consent, the person enters a habitation and commits or attempts to commit a felony, theft, or assault. TEX. PENAL CODE ANN. § 30.02(a)(3). It is well settled that a defendant's unexplained possession of property recently stolen in a burglary permits an inference that the defendant is the one who committed the burglary. *Poncio v. State*, 185 S.W.3d 904, 905 (Tex. Crim. App. 2006).

With these legal principles in mind, we have independently examined the entire record to determine whether there are any non-frivolous issues which might support these appeals. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there is no plausible basis for reversal in either case. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

CONCLUSION

Accordingly, the trial court's judgments are affirmed and counsel's motion to withdraw is granted.

                                        Patrick A. Pirtle
                                        Justice

Do not publish.

6