Willie Ray SAMPLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–06–00909–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 6, 2008.

Discretionary Review Refused
Sept. 10, 2008.

J. Sidney Crowley, Houston, for appellant.

Eric Kugler, Houston, for appellee.

Panel consists of Justices FOWLER, FROST, and SEYMORE.

## MEMORANDUM OPINION

### CHARLES W. SEYMORE, Justice.

A jury convicted appellant, Willie Ray Sample, of escape. The trial court imposed a sentence of twenty years' confinement. In his sole issue, appellant contends the evidence is legally insufficient to support his conviction. Our disposition is based on clearly settled law. Accordingly, we issue this memorandum opinion and affirm. *See* Tex.R. App. P. 47.4.

## BACKGROUND

On November 8, 2005, Houston Police Officers Steven Frank and Steven Carter detained appellant after observing him solicit a ride in violation of the Transportation Code. Appellant informed the officers that he had no form of identification. The officers then frisked appellant and placed him in the back seat of their patrol car while they determined whether to issue a citation or arrest appellant. While appellant was in the back seat of the patrol car, Officer Frank discovered appellant was wanted on open warrants. Therefore, the officers decided to arrest appellant.

With the patrol car door remaining closed, Officer Carter used a remote control to roll down the car window and informed appellant that he was under arrest. Officer Carter instructed appellant to face away from the car door and place his hands behind his back to be handcuffed. Appellant seemingly complied; however, when Officer Carter opened the car door, appellant fled. Officer Carter placed appellant in a headlock, but appellant

dragged him approximately 100 feet. Officer Frank attempted to aide Officer Carter, but the two officers were initially unable to subdue appellant. Officer Frank subsequently shocked appellant three times with his stun-gun, after which appellant submitted to police authority.

At trial, Officers Frank and Carter testified for the State. Appellant also testified. The jury convicted appellant of escape. This appeal followed.

## ANALYSIS

In his sole issue, appellant contends the evidence is legally insufficient to support his conviction for escape. Specifically, appellant argues that (1) he was never in "custody" as required under the applicable statute, and (2) even if he were in custody, he never successfully escaped.

In evaluating legal sufficiency, we view the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Salinas v. State,* 163 S.W.3d 734, 737 (Tex.Crim.App.2005). We ensure only that the jury reached a rational decision and do not act as a second arbiter of the weight and credibility of testimony. *Muniz v. State,* 851 S.W.2d 238, 246 (Tex.Crim.App.1993).

### 1. CUSTODY

■ Appellant first contends the jury could not have found the essential elements of the offense of escape because he was not in custody as required under the Penal Code. Specifically, he argues that the police did not complete his arrest until he submitted to police authority following

Officer Frank's use of his stun-gun. We disagree.

■ "A person commits an offense if he escapes from custody when he is ... under arrest for ... an offense." Tex. Pen.Code Ann. § 38.06(a) (Vernon 2003). For purposes of this statute, an arrest must be complete in order to distinguish the offense of escape from the offenses of evading or resisting arrest.[1] *See Medford v. State,* 13 S.W.3d 769, 773 (Tex.Crim. App.2000). Under the escape statute, an arrest is complete when (1) a person's liberty of movement is successfully restricted or restrained, whether this is achieved by an officer's physical force or the suspect's submission to the officer's authority; and (2) a reasonable person in the suspect's position would have understood the situation to constitute a restraint on freedom of movement of the degree which the law associates with a formal arrest. *Id.* Because the occurrence of an arrest cannot be determined by any bright-line test, whether an arrest has occurred must be determined on a case-by-case basis by examining the totality of the circumstances. *In re M.C.L.,* 110 S.W.3d 591, 596 (Tex.App.-Austin 2003, no pet.).

Viewing the evidence in the light most favorable to the verdict, we conclude a rational jury could have concluded appellant was in custody before he attempted to flee. Although it is clear that appellant was first stopped by the officers and placed in the backseat of their patrol car under an investigatory detention, the jury could have concluded appellant's arrest was complete before he fled from Officer Carter.

Appellant was confined in the patrol car when Officer Carter informed him that he was under arrest. The jury could rationally conclude appellant's arrest was legally complete at this moment. Although Officer Carter had not placed appellant in handcuffs, appellant's freedom of movement was successfully restrained because he was confined to the officer's patrol car. Furthermore, a reasonable person would have understood the situation to constitute a restraint on his freedom of movement to the degree that the law associates with formal arrest. *See Medford,* 13 S.W.3d at 773; *see also U.S. v. Mendenhall,* 446 U.S. 544, 553, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980) (stating a person is in custody within the meaning of the Fourth Amendment if, in view of all the circumstances, a reasonable person would have believed that he was not free to leave). Consequently, the jury could have concluded appellant was in custody before he attempted to flee from Officers Carter and Frank.

## 2. ESCAPE

■ Appellant also contends the State failed to prove that he completed his es-

1. The legislature has provided a continuum of offenses relating to possible exigencies encountered by police when apprehending suspects. If the suspect flees from a peace officer before being arrested, he may be convicted of evading arrest. *See* Tex. Pen. Code Ann. § 38.04(a) (Vernon 2003) ("A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him."). If a suspect uses force against an officer to prevent his arrest, he may be convicted of resisting arrest. *See* Tex. Pen. Code Ann. § 38.03(a) (Vernon 2003) ("A person commits an offense if he intentionally prevents or obstructs a person he knows is a peace officer or a person acting in a peace officer's presence and at his direction from effecting an arrest, search, or transportation of the actor or another by using force against the peace officer or another."). If the suspect flees after he has been taken into custody, he may be convicted of escape. *See* Tex. Pen.Code Ann. § 38.06(a) ("A person commits an offense if he escapes from custody when he is ... under arrest for, charged with, or convicted of an offense.").

138

cape from the officers. Appellant contends that, at most, he attempted to escape because he never broke free from Officer Carter's grasp. We disagree.

■ A suspect completes the offense of escape by moving beyond the bounds of his confinement without authority. *See Fitzgerald v. State,* 782 S.W.2d 876, 879 (Tex.Crim.App.1990). The offense is complete at the moment the suspect moves outside the boundaries of confinement. *See id.*

When Officer Carter opened the patrol car door to handcuff appellant, he fled from the officer. Officer Carter placed appellant in a headlock and appellant dragged Officer Carter approximately 100 feet before Officer Frank was able to come to Officer Carter's aide and subdue appellant. Further, Officer Carter testified that, although he was holding appellant in a headlock, the officers had "no control" over the situation as appellant fled from the patrol car.

Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found appellant escaped from Officer Carter when he moved beyond the boundaries of the patrol car without authority and Officer Carter lost control of appellant. Consequently, the evidence is legally sufficient to sustain the jury's finding that appellant escaped from the officers.

Accordingly, the judgment of the trial court is affirmed.