Opinion issued April 7, 2010

 

 




 
 
 
 
 




 

 

 

 

 

 

 

 

In The

Court of Appeals

 For The

First District of Texas

 



 

NO. 01-08-00188-CR

 



 

CARLOS CASTILLO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

 

On Appeal from the 208th
District Court

Harris County, Texas

Trial Court Cause No.
1104753

 

 



 

DISSENTING OPINION

The majority’s opinion gives new meaning to the phrase
“arresting gaze.”  To hold that a glance
from an officer is sufficient to transform an investigative detention into a
custodial arrest and constitute a “completed” arrest is in conflict with
decisions from our sister courts and the Court of Criminal Appeals on this
issue.  I therefore dissent.

In the
present case, it was the
appellant who voluntarily agreed to accompany the officer as the officer
investigated further and voluntarily accepted a ride in the back seat of the
police vehicle.  The officer himself testified that appellant
was neither under arrest nor in custody. 
As egress from the rear seat of a police vehicle cannot be
effected absent the rear door being opened from outside the vehicle, appellant
was restrained, but a reasonable person would not have understood that to have been
converted into “a restraint to the degree associated with a formal arrest” by a
mere glance—no matter how piercing—from an officer.  Rather, a reasonable person would have
believed, as apparently did appellant, that he was about to be arrested.

Before
appellant fled, the officer took no action to change the nature of the
detention from an investigative detention to custodial arrest other than
looking at appellant.  Surely something more
must transpire than the simple exchange of ambiguous glances or gestures before
an investigative detention transforms into a “completed” formal arrest. 

A person cannot commit the offense of escape unless
there has been a completed arrest; if
there is no completed arrest, a
person is not guilty of escape, although he may be guilty of evading or
resisting arrest.[1]
 See Tex. Penal Code Ann.
§ 38.06(a) (Vernon Supp. 2009) (“A person commits an offense if he escapes from
custody when he is . . . under arrest for . . . an offense.”); Sample v.
State, 292 S.W.3d 135, 137, n.1 (Tex. App. Houston [14th Dist.] 2008, pet.
ref’d) (citing Medford v. State, 13 S.W.3d 769, 773 (Tex. Crim. App.
2000)) (emphasis added).  In the present
case, while appellant was certainly restrained at the time that the marijuana
was discovered, the officer never actually completed an arrest[2]
 of appellant.    

Under the second prong of Medford, an arrest is complete
only when “a reasonable person in the suspect’s position would have understood
the situation to constitute a restraint on freedom of movement of the degree
which the law associates with formal arrest.” Medford, 13 S.W.3d
at 773.  The “reasonable person”
standard must be applied “in the
context of an arrest” in order “to prevent a conviction based upon some
less intrusive type of seizure,” such as an investigative detention.  Id. The
only occurrences between the discovery of the marijuana and appellant’s fleeing
the vehicle that could have “completed” the arrest were an exchange of glances
and appellant’s subsequent “slumping” in his seat.  While I agree that appellant in this case
undoubtedly recognized that his crime had been discovered and that he “indicated
by his body language his awareness that the officers had the information
necessary to arrest him”,[3]
I disagree with the majority’s conclusion[4]
that appellant’s “slump” proved that appellant “understood the situation
to constitute a restraint of freedom of movement to the degree which the law
associates with formal arrest.”[5]  

In Sample, the
defendant was also initially in the back seat of a patrol car under an
investigative detention.  But, unlike
here, the officer in Sample took a
specific and unambiguous action to convert that investigative detention into an
arrest by telling the defendant that he was under arrest.  See Sample, 292 S.W.3d at 137.  The Fourteenth Court of
Appeals specifically relied on the officer’s statement to the defendant that he
was under arrest to convert an investigatory detention confinement into a
completed arrest, stating that

          Although it is clear that appellant was first stopped by
the officers and placed in the back seat of their patrol car under an
investigative detention, the jury could have concluded that appellant’s arrest
was complete before he fled from Officer Carter.  

          Appellant was confined in the patrol car when Officer
Carter informed him that he was under arrest. 
The jury could rationally conclude appellant’s arrest was legally
complete at this moment.

 

Id. (emphasis added). 


Is a reasonable person who voluntarily agreed to ride in the
backseat of a police vehicle to believe that he has now been placed under
formal arrest by virtue of a single glance? 
Under the circumstances of this case, a reasonable person would only have
understood that he was going to be
arrested.

I am not
persuaded that a rational trier of fact could have found that appellant was
under arrest at the time he fled the scene, based upon little more than a
passing glance or indeterminate gesture. 
For this reason, I respectfully dissent.  I would find the evidence legally
insufficient to support the offense of escape, grant appellant’s first issue,
reverse appellant’s conviction, and enter a judgment of acquittal.  Appellant fled because he believed that he
was about to be arrested.  He committed the offense of evading
arrest, not escape. 

 

 

Jim
Sharp

Justice

 

 

Panel consists of Chief
Justice Radack and Justices Sharp and Taft.[6]

 

Publish.  Tex.
R. App. P. 47.2(b).  

 

Justice Sharp, dissenting.











[1]
          As noted by the court of criminal appeals, 

. . . a logical reading
of the escape statute and those statutes in pari materia (see, e.g., § 38.04 Tex.
Pen. Code, Evading Arrest or Detention) indicates the legislature envisioned
that an arrest be complete before an individual can be charged with escape… If
one could be prosecuted for escape without a completed arrest, it would negate
the effectiveness of an evading arrest or detention charge.”

 

Medford v. State, 13 S.W.3d 769, 773 (Tex. Crim. App. 2000).  

 





[2]              It is critical here to distinguish between
“custody” and “arrest.”  We may not use
such terms interchangeably. See Warner v.
State, 257 S.W.3d 243, 247 (Tex. Crim. App. 2008).  A person may be in custody, but not under
arrest.  Id.  

 





[3]              See Majority
Opinion, p. 11(emphasis added).

 





[4]              Id.

 





[5]              Our
sister courts have also considered whether detentions were converted into
arrests and held that simply because a defendant has acquiesced to a detention,
that did not complete an arrest.  In In re B.J.J., the Austin Court of Appeals held that, even though a
juvenile had been taken into (an unrestrained) detention—to which the juvenile
had submitted—“the detention was not a completed arrest for the purpose of the
escape statute, and a reasonable person in [his] position would not have
understood himself to be restrained to the degree the law associates with a
formal arrest.” No. 03-07-00633-CV, 2008 Tex. App. LEXIS 5212, at *7–8 (Tex.
App.—Austin July 9, 2008, no pet.).  See also Diggs v. State, No.
10-07-00102-CR, 2008 WL 3112408 (Tex. App.—Waco, Aug. 6, 2008) (reversing
conviction for escape, holding that defendant was merely in process of being
arrested when he fled, even though he briefly submitted to officer’s
authority).  

 





[6]           Justice Tim Taft, who
retired from the First Court of Appeals effective June 1, 2009, continues to
sit by assignment for the disposition of this case, which was submitted on May
26, 2009.