# NO. 12-22-00014-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DRASHAYDRIAN MONTELL HUNTER,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| | § | *JUDICIAL DISTRICT COURT* |
| *V.* | | |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Drashaydrian Montell Hunter appeals his conviction for escape while arrested. In three issues, he contends the evidence is insufficient to support his conviction and that certain items were erroneously included in the bill of costs. We modify and affirm as modified.

## BACKGROUND

Officer Santos Rodriguez of the Van Police Department was dispatched to a motor vehicle accident on Interstate 20 in Van Zandt County on November 30, 2017. When he arrived, a vehicle was crashed into the median; however, no one was in or near the vehicle. Approximately twenty minutes later, Rodriguez was dispatched to an attempted carjacking at The Farmhouse Restaurant in Van.

When he arrived, Rodriguez spoke with "Ms. Townsend," a cook at the restaurant. She told him that she was leaving at approximately 5:00 a.m. when she was approached by a black male wearing a hoodie and pajama pants and who had facial hair. The man demanded her car keys, but she refused. The man persisted until she hit the panic button on her key fob. The man also brandished "some type of weapon" that was "shiny." Rodriguez and other officers searched the area but were unable to find the suspect.

Officer Guy McKee came on duty at 6:00 a.m., and Rodriguez informed him about the carjacking and gave him a description of the suspect. McKee later received information about a suspicious individual, who matched the suspect's description, at the Love's Truck Stop. Accompanied by other officers, McKee approached the suspect and pulled him from his vehicle. The suspect was later identified as Appellant. Appellant was placed on the ground and handcuffed. During questioning by McKee, Appellant was placed in the back of McKee's police car. Appellant requested medical attention for an injury to his face, and McKee called for an ambulance.

After the ambulance arrived, McKee placed Appellant in zip tie handcuffs because the ambulance does not allow metal cuffs. McKee followed the ambulance to the hospital in Tyler and waited for Appellant to receive medical attention. After receiving medical attention, Appellant was again placed into handcuffs and transported outside in a wheelchair. While outside, Appellant stood up and ran away. McKee was unable to find him.

Appellant avoided capture again on March 7, 2018, in Jacksonville, Texas. He was arrested on March 16, 2018, at a home in Jacksonville after being found in a closet.

Appellant was charged by indictment with escape while arrested for the escape from McKee outside the hospital. Appellant pleaded "not guilty," and the matter proceeded to a jury trial. Following trial, the jury found Appellant "guilty" as charged in the indictment. And after the punishment phase, the jury assessed punishment at twenty years of imprisonment and a $10,000 fine. This appeal followed.

## EVIDENTIARY SUFFICIENCY

In his first issue, Appellant contends the evidence is insufficient to support his conviction. Specifically, he urges the State failed to prove that he was under arrest at the time of his escape.

### Standard of Review and Applicable Law

The *Jackson v. Virginia*[1] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional

---

[1] 404 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).

minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson*, 443 U.S. at 315–16, 99 S. Ct. at 2786–87; *see also Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186.

A jury is free to believe all or any part of a witness's testimony or disbelieve all or any part of that testimony. *See Lee v. State*, 176 S.W.3d 452, 458 (Tex. App.–Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006). A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt. *Rodriguez v. State*, 521 S.W.3d 822, 827 (Tex. App.–Houston [1st Dist.] 2017, no pet.) (citing *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011)). Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *See Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Juries are permitted to draw multiple reasonable inferences as long as each inference is supported by the evidence presented at trial. *Id.* at 15. Juries are not permitted to reach conclusions based on mere speculation or factually unsupported inferences or presumptions. *Id.* An inference is a conclusion reached by considering other facts and deducing a logical consequence from them, while speculation is mere theorizing or guessing about the possible meaning of facts and evidence presented. *Id.* at 16.

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

To prove the offense of escape, as provided by Section 38.06(a)(1) of the Texas Penal Code, the State must show that a person (1) escaped (2) from custody (3) after having been arrested for, lawfully detained for, charged with, or convicted of an offense. TEX. PENAL CODE. ANN. § 38.06(a)(1) (West 2016); *see Medford v. State*, 13 S.W.3d 769, 772 (Tex. Crim. App. 2000) (citing *Henderson v. State*, 600 S.W.2d 788, 789 (Tex. Crim. App. 1979)). In *Medford*, the Texas Court of Criminal Appeals determined that a logical reading of the escape statute, when compared to the evading arrest statute, is that the legislature intended that an arrest must be *complete* before an individual can be charged with escape. *Medford*, 13 S.W.3d at 772. The Penal Code does not define the term "arrest," and Article 15.22 of the Code of Criminal Procedure only defines arrest as "being taken into custody." *Id.* Thus, "[f]or purposes of the escape statute, an 'arrest' is complete when a person's liberty of movement is successfully restricted or restrained." *Id.* at 773. This may be achieved by "an officer's physical force or the suspect's submission to the officer's authority" and the arrest is only complete if "a reasonable person in the suspect's position would have understood the situation to constitute a restraint on freedom of movement of the degree which the law associates with formal arrest." *Id.* (quoting *United States v. Corrall-Franco*, 848 F.2d 536, 400 (5th Cir. 1988)). The escape statute applies to those circumstances where the officers have, at one point prior to the escape, successfully restrained or restricted a suspect to the point that it "amounted to an arrest." *Warner v. State*, 257 S.W.3d 243, 247 (Tex. Crim. App. 2008); *Nix v. State*, No. 11-19-00404-CR, 2021 WL 5279410, at *3 (Tex. App.—Eastland Nov. 12, 2021, no pet.) (mem. op., not designated by publication).

## Analysis

Appellant contends he was not under arrest at the time he fled law enforcement. He argues he "was merely in the process of being arrested and that the sheriff's department was unable to complete the arrest by successfully restricting or restraining [his] liberty of movement."[2]

---

[2] We feel we must point out that Appellant's brief fact-intensive first issue lacks record references completely. *See* TEX. R. APP. P. 38.1 ("Argument. The brief must contain a clear and concise argument for the contentions made, <u>with appropriate citations</u> to authorities and <u>to the record</u>") (emphasis added). An appellant waives an issue on appeal if he does not adequately brief that issue by not providing supporting arguments, substantive analysis, and appropriate citations to authorities and to the record. *Chaves v. State*, 630 S.W.3d 541, 555 (Tex. App.–Houston [1st Dist.] 2021, no pet.) (citing *Lucio v. State*, 351 S.W.3d 878, 896–97 (Tex. Crim. App. 2011); *Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008); *Cardenas v. State*, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000) (defendant inadequately briefed complaint where he neglected to present argument with citation to

McKee testified that Rodriguez told him about an attempted carjacking (aggravated robbery) at The Farmhouse Restaurant in Van on November 30, 2017. He later received information about a suspicious person with facial injuries at the Love's Travel Stop next to the restaurant. McKee spoke with an attendant at the Love's and the description of the suspicious person matched the description of the aggravated robbery suspect. The suspect, Appellant, was in the front passenger's seat of a vehicle. McKee waited for backup. Officers surrounded the vehicle, and approached Appellant. McKee pulled Appellant out of the vehicle, placed him on the ground, placed him in hand restraints, and checked for weapons. A small, silver handgun was found in Appellant's pocket. McKee testified that he would have transported Appellant to the county jail at that time, but Appellant's facial injuries required medical attention. Therefore, an ambulance was called.

When the ambulance arrived, McKee placed Appellant in "zip tie handcuffs" instead of metal cuffs per the ambulance policy. McKee followed the ambulance to the hospital, stayed at the hospital while Appellant was treated by medical personnel, and placed Appellant in metal handcuffs before leaving the emergency room. He intended to transport Appellant to the Van Zandt County Jail because he was "under arrest" for "robbery [and] unlawful possession of a firearm by a felon." Appellant claimed to be unable to walk, so he was provided a wheelchair. While a nurse pushed Appellant to McKee's vehicle, Appellant jumped up and ran away. McKee attempted to chase him on foot, and then in his vehicle, but Appellant had already escaped.

McKee admitted that he never told Appellant that he was under arrest. However, he stated that Appellant was in fact under arrest and that any reasonable person would realize that under the circumstances.

McKee's bodycam video was admitted into evidence. On the video, Appellant can be heard asking officers, "What am I going to jail for?" McKee responded, "You ain't going to jail

appropriate authority)); *see also* **Ray v. State**, 176 S.W.3d 544, 553 n.7 (Tex. App.–Houston [1st Dist.] 2004, pet. ref'd).

As the Texas Court of Criminal Appeals has emphasized, an appellate court has no obligation to construct and compose issues, facts, and arguments with appropriate citations to authorities and the record for the appellant. *See* **Wolfe v. State**, 509 S.W.3d 325, 343 (Tex. Crim. App. 2017); **Busby**, 253 S.W.3d at 673. A brief that fails to apply the law to the facts does not comply with Texas Rule of Appellate Procedure 38.1 and presents nothing for our review. *See* **Swearingen v. State**, 101 S.W.3d 89, 100 (Tex. Crim. App. 2003). However, because we are able to construe Appellant's arguments in this case, we will consider them in the interest of justice.

yet." Then he told Appellant that he was "not going anywhere until [he] got a positive phot I.D." and not to lie to him "or it will be an extra charge."

Appellant also testified at trial. He explained that he had injuries to his face and head when McKee first approached him. Appellant testified that, prior to being placed in the ambulance, he was placed in the back of McKee's police car. He claimed he was never told he was under arrest. Appellant stated that he was subsequently transported to the hospital via ambulance, but he claimed McKee was not with him at the hospital. He stated that he was "shocked" and "traumatized" because he "had just had a wreck." He told the jury that the injuries to his face happened when he crashed a stolen car. Appellant further claimed that he woke up outside with a nurse behind him and he was in a wheelchair. He testified, "When I got outside, I just got out of the wheelchair, I looked around, and I just walked off." He claimed he was not handcuffed. He later stated that he "hacked sawed" the cuffs off himself, but he was unsure how he became handcuffed.

Appellant admitted to attempting to steal a vehicle from Ms. Townsend in Van. He denied having the pistol and claimed a friend gave it to him afterward. He further denied knowing that he was under arrest even after he had been handcuffed and placed in the back of a police car. Appellant testified that the entirety of McKee's testimony was false.

On appeal, Appellant contends the evidence is insufficient to prove that he was under arrest at the time he fled from police. However, as the sole judge of the weight and credibility of the evidence, the jury was entitled to discredit Appellant's explanations and credit McKee's testimony. *See Brooks*, 323 S.W.3d at 899. In choosing to believe McKee, the jury could reasonably determine that a reasonable person in Appellant's position would have understood the situation to constitute a restraint on freedom of movement to the degree which the law associates with a formal arrest. *See Medford*, 13 S.W.3d at 773. Appellant had been handcuffed at least three times, placed in the back of a police car, accompanied by a police officer to the hospital, and instructed that he was being charged with at least one crime. *See Sample v. State*, 292 S.W.3d 135, 136-37 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd) (mem. op.); *Castillo v. State*, 404 S.W.3d 557, 560-63 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (mem. op.); *Martinez v. State*, No. 07-03-0407-CR, 2005 WL 2548594, at *1-2 (Tex. App.—Amarillo Oct. 12, 2005, no pet.) (mem. op., not designated for publication).

6

Therefore, viewing the evidence in the light most favorable to the verdict, we conclude that a rational jury could have found that Appellant committed the offense of escape while arrested. TEX. PENAL CODE. ANN. § 38.06(a)(1). We overrule Appellant's first issue.

## COSTS

In his second and third issues, Appellant alleges items in the bill of costs were erroneously included; specifically, that the fine assessed should not be included in the bill of costs (issue two) and the Local Consolidated Fee on Conviction of Felony does not apply to his case (issue three).

The Local Consolidated Fee on Conviction of Felony applies only to defendants who are convicted of offenses committed on or after January 1, 2020. *See Hayes v. State*, No. 12-20-00222-CR, 2021 WL 1418400, at *2 (Tex. App.—Tyler Apr. 14, 2021, no pet.) (mem. op., not designated for publication) (citing TEX. LOC. GOV'T CODE ANN. § 134.101 (West 2021)). Section 134.101 assesses an additional $105 fee for a person who is convicted of a felony. *See* TEX. LOC. GOV'T CODE ANN. § 134.101(a). That fee is to be allocated to the following specific accounts and funds: the clerk of the court account, the county records management and preservation fund, the county jury fund, the courthouse security fund, the county and district court technology fund, and the county specialty court account. *See id.* § 134.101(b).

In the instant case, the commission date for the offense is November 30, 2017. The judgment of conviction reflects that the trial court assessed $251.50 in court costs. The judgment includes a document identified as "Attachment A Order to Withdraw Funds," which states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $251.50. The certified bill of costs itemizes the court costs imposed, which total $10,251.50 with a $10,251.50 balance remaining. The certified bill of costs includes the following costs assessed pursuant to Section 134.101: $40.00 Clerk of the Court; $4.00 County and District Court Technology Fund; $1.00 County Jury Fund; $25.00 County Records Management and Preservation; $25.00 County Specialty Court Account; and $10.00 Courthouse Security Fund. *See id.* The sum of these costs is $105.00. Because the offense in this case was committed before January 1, 2020, Appellant is not obligated to pay the "Local Consolidated Fee on Conviction of Felony." *See Hayes*, 2021 WL 1418400, at *2. Accordingly, we will modify the trial court's judgment and Order to Withdraw to reflect the removal of these fees. *See* TEX. R. APP. P.

43.2(b); ***Reyes v. State***, 324 S.W.3d 865, 868 (Tex. App.–Amarillo 2010, no pet.). Appellant's third issue is sustained.

The bill of costs also includes the $10,000 fine imposed by the trial court. A bill of costs must be in writing and contain "the items of cost." TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2018). Fines are punitive and intended to be part of the convicted defendant's sentence. *See **Armstrong v. State***, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). Court costs, however, are "compensatory in nature" and are "a non-punitive recoupment of the costs of judicial resources expended in connection with the trial of the case." ***Id***.; ***Williams v. State***, 495 S.W.3d 583, 590 (Tex. App.—Houston [1st Dist.] 2016), *pet. dism'd*, 2017 WL 1493488 (Tex. Apr. 26, 2017). Accordingly, fines are fundamentally different than court costs. Thus, we reform the bill of costs to delete the fine. *See **Williams***, 495 S.W.3d at 591. Appellant remains obligated to pay the $10,000 fine reflected in the judgment of conviction. *See* TEX. R. APP. P. 43.2(b). We sustain Appellant's second issue.

### DISPOSITION

Having sustained Appellant's third issue, we ***modify*** the trial court's judgment and withdrawal order, along with the corresponding bill of costs, to reflect that the amount of court costs is $146.50. And having sustained his second issue, we likewise ***modify*** the bill of costs to delete the fine. Having overruled Appellant's first issue, we ***affirm*** the judgment ***as modified***.

JAMES T. WORTHEN
Chief Justice

Opinion delivered August 17, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 17, 2022**

**NO. 12-22-00014-CR**

**DRASHAYDRIAN MONTELL HUNTER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1837-20)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment and withdrawal order, along with the corresponding bill of costs of the court below, should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment and withdrawal order, along with the corresponding bill of costs of the court below, be **modified** to reflect that the amount of court costs is $146.50 and the fine in the bill of costs be **deleted**; in all other respects the judgment of the trial court, including the fine of $10,000.00, is **affirmed**; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*